UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALTY

Case No.: 09-60842-Civ-COOKE/BANDSTRA

PERFORMANCE MARINE TRADING,

    Plaintiff

vs.

AVANTI, her engines, tackle, appurtenances,
boats etc., in rem,

    Defendant.
_____/

## FINAL DEFAULT JUDGMENT AND ORDER GRANTING MOTION FOR SALE

THIS MATTER is before me on the Plaintiff's Motion for Final Default Judgment, and Motion for Order of Sale [D.E. 25 & 26]. On April 26, 2010 the Clerk entered a default [D.E. 24], as to the vessel Avanti, for failure to answer or otherwise respond to the Summons and Complaint. On April 27, 2010, I issued an Order to Show Cause [D.E. 27], giving the Avanti a final opportunity to demonstrate to the Court why a default judgment should not be entered against her in this case. The Avanti has not responded to this Order.

A "defendant, by his default, admits the plaintiff's well-pleaded allegations of fact," as set forth in the operative complaint." *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009). Following the entry of a default judgment, damages may be awarded "without a hearing [if the] amount claimed is a liquidated sum or one capable of mathematical calculation," so long as all essential evidence is a matter of record. *S.E.C. v.*

*Smyth*, 420 F.3d 1225, 1231, 1232 n.13 (11th Cir. 2005) (quoting *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985)).

Evidence presented by the Plaintiff reveals that Defendant owes $22,742.20 for unpaid repairs, plus $5248.20 in finance charges and late fees, plus $5000.00 in attorneys' fees and expenses. (Mot. for Default J., Sullivan Aff. ¶ 8 [D.E. 25]). The Plaintiff has also presented evidence that the maritime contract entered into between the Plaintiff and Defendant provided for the payment of attorneys' fees and costs. (*Id.*).

It is **ORDERED and ADJUDGED** that Plaintiff's Motion for Entry of Final Judgment [D.E. 25], and Motion for Order of Sale [D.E. 26], are **GRANTED**. Final Judgment is entered in favor of the Plaintiff, PERFORMANCE MARINE TRADING and against the *in rem* Defendant, AVANTI , in the amount of **$32,990.40**, for which sum let execution issue.

It is **FURTHER ORDERED**, that the vessel AVANTI , her engines, tackle, rigging, auxiliary vessels, furniture, equipment and appurtenances, etc., be sold by the U.S. Marshals Service to the highest and best bidder, subject to the confirmation of the Clerk of the Court, in order to pay this judgment.

It is **FURTHER ORDERED**, that Plaintiff may become a bidder for the vessel and may bid this judgment, or any part thereof, in lieu of cash, up to the amount of this judgment without being required to make the requisite deposit set forth in the Local Admiralty Rules of this Court.

It is **FURTHER ORDERED**, that all interested bidders be required to offer proof to

the representative of the U.S. Marshals Service of their ability to pay the ten percent (10%) deposit prior to being allowed to bid at the sale.

It is **FURTHER ORDERED**, that the U.S. Marshals Service is directed to give notice of the public sale, pursuant to the Local Admiralty Rules of this Court, and to include in the notice the time and place where the sale will be conducted.  Additionally, the notice shall advise that  prospective bidders may, upon application to the Marshals, and at such time and in such manner as the Marshals may direct, board the vessel AVANTI for purposes of inspection.  The notice shall also indicate that the highest and best bidder, with the exception of Plaintiff, as provided above, will be required to deliver to the Marshals at the time of the sale, in cash or certified check, earnest money of at least ten percent (10%), with the balance of their bid to be paid in cash or certified check within three (3) working days.

It is **FURTHER ORDERED**, that all charges incurred by the U.S. Marshals Service and the Court-appointed Substitute Custodian for vessel maintenance, custody, cost of storage, wharfage, dockage, berth shifting, security and insurance for the vessel, all charges incurred by Plaintiff, and other miscellaneous expenses of the Vessel while under arrest as well as for the cost of advertising it for sale by both the Marshals and the Plaintiff are deemed expenses of sale and will be taxed as costs of *custodia legis* against the proceeds of the sale.

It is **FURTHER ORDERED**, that upon confirmation of the sale by the Clerk of the Court, the Plaintiff may apply to the Court for a modification of this Default Final Judgment to include any additional costs, attorney's fees, custodial fees, or Marshals' expenses incident to this proceeding and incurred after the entry of this judgment.

It is **FURTHER ORDERED**, that subject to confirmation of the sale by the Clerk of the Court, and upon motion by Plaintiff, the proceeds of the sale of the Vessel, plus any accrued interest, shall be applied to satisfy, fully or partially, Plaintiff's final judgment, after satisfaction of the *custodia legis* and Marshals' expenses of sale.

The Clerk is directed to **CLOSE** this case.

**DONE and ORDERED** in chambers, at Miami, Florida, this 10th day of May 2010.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:

*Ted E. Bandstra, U.S. Magistrate Judge*

*Counsel of record*

*Avanti c/o Paul La Carubba*
3249 NE 31st Avenue
Lighthouse Point, FL 33064

*United States Marshals Service (3 certified copies)*